HENRY POOR *et al. vs.* JONATHAN S. WILLOUGHBY.

*Corporation—liability of stockholders.*

Manufacturing corporations "incorporated by general law" under the provisions of R. S., c. 48, §§ 18, 19 and 20, stand on an equality with those "incorporated by a special act" as to the rights and powers conferred and as to the duties, obligations and liabilities imposed by R. S., c. 46 and c. 48.

The liability imposed on stockholders by R. S., c. 48, § 9, is repealed by the act of 1871, c. 205, by § 5 of which act their liability is restricted to "the amount or amounts withdrawn or not paid in" by such stockholders.

ON REPORT.

CASE, brought under the provisions of R. S., c. 48, by the plaintiffs as creditors of the Rockland Shoe Company against the defendant as one of its stockholders.

The company is a manufacturing corporation, organized in 1872, for the purpose of making boots and shoes at Rockland, under the provisions of the sections, from eighteen to twenty inclusive, of the chapter aforesaid, and acts additional thereto, and under written articles of agreement dated January 27, 1872.

The regularity of the proceedings for the organization of the company, and the filing of the requisite certificates, were admitted. The written articles of agreement declared that the capital stock of the company should not be less than forty thousand, nor more

than a hundred thousand dollars. The amount fixed by vote was fifty thousand, all of which was subscribed, but only $42,700 ever paid in, in shares of a hundred dollars each, one of which the defendant held, having paid for it in full, and no part of said capital stock so paid in has ever been withdrawn, and he has ever since its commencement been, and still is the holder of said share.

About the first day of December, A. D. 1874, the company stopped payment of their debts, being at that time in debt to an amount exceeding the amount of their capital invested within the state, in real estate and fixtures thereon, including machinery—and also exceeding one-half of their capital paid in, and remaining undivided, and of their other property and assets, a part of which indebtedness still remains. Upon suits commenced by creditors of the company upon debts thus contracted and existing on December 1, 1874, and upon executions issued thereon, all the property of the corporation had been taken, before the proceedings on the plaintiffs' execution took place.

The plaintiffs being creditors of the corporation on the first day of December, 1874, by a note dated July 17, 1874, sued their demand, and recovered judgment thereon for $1,957.30 debt and $11.32 costs, against the corporation, and execution on the judgment was at once placed in the sheriff's hands for collection. The officer made diligent search for property of the corporation wherewith to satisfy the execution, but could find none, and by direction of the plaintiff creditors, he demanded of the defendant, as such stockholder, to disclose and show attachable property of the corporation sufficient to satisfy said execution, which the defendant refused and neglected to do. The plaintiffs also demanded of the defendant so to disclose and show attachable property as aforesaid, for the purpose aforesaid, which also he refused to do, and on the return day of the execution the officer made due return of his said proceedings on said execution, and that the execution was returned in no part satisfied, and thereupon within six months after the rendition of the judgment aforesaid, this action was brought to recover the amount of their execution, debt and costs, of the defend-

ant individually, to the extent of the stock subscribed and held by him as aforesaid.

The case was submitted to the full court for decision, who are to render judgment therein according to the legal rights of 'the parties, by default or nonsuit.

*Albert W. Paine* for the plaintiffs.

The report makes out a case for the plaintiffs. R. S., c. 46, §§ 24, 25, 26, and c. 48, § 9 ; *Millikin* v. *Whitehouse,* 49 Maine, 527; *Lovegrove* v. *Hunt,* 58 Maine, 9 ; *Lovegrove* v. *Brown,* 60 Maine, 592. A casual reading might lead one to suppose these sections of the statute to be changed by the act of 1871, c. 205 ; but a careful examination will show that only those corporations created by special legislation, and not voluntary associations, are included in its operations. Counsel then entered into a critical discussion of that act, in elaboration of this position.

*A. P. Gould* and *J. E. Moore* for the defendant.

APPLETON, C. J. This is an action on the case brought under the provisions of R. S., c. 48, in favor of the plaintiffs as creditors of the Rockland Shoe Company against the defendant, one of its stockholders.

The company is a manufacturing corporation, organized in 1872, for the purpose of manufacturing boots and shoes at Rockland, under the provisions of c. 48, §§ 18, 19 and 20, and acts additional thereto, and under written articles of agreement, dated January 27, 1872. The due organization of the corporation and the regularity of its subsequent proceedings are conceded.

Chapter 48 of Revised Statutes relates to "manufacturing, mining and quarrying corporations." The three last sections relate to "manufacturing, mining and quarrying companies incorporated by general law," and provide a mode by which such companies "may organize into a corporation, adopt a corporate name, define the purposes of the corporation, fix the amount of the capital stock, which shall not be less than two thousand dollars, nor more than

Poor v. Willoughby.

two hundred thousand, divide it into shares, and elect a president, not less than three directors, a secretary, treasurer, and other necessary officers, and adopt a code of by-laws."

After complying with the provisions of the statute those thus incorporated, by § 5, are declared to "be a corporation the same as if incorporated by a special act, with all the rights and powers, and subject to all the duties, obligations and liabilities provided by this chapter, (c. 48) and chapter forty-six."

No distinctions were to be made as to the origin of a corporation, whether it be by special act or it be "incorporated by general law." If any were to be made, then the latter kind would not be "the same as if incorporated by a special act." But both kinds of corporations are placed upon a perfect equality as to "rights and powers" as well as to "duties, obligations and liabilities."

The plaintiffs claim to have brought their case within R. S., c. 48, § 9, and within the case of *Lovegrove* v. *Hunt*, 58 Maine, 9, and we think they have, and are entitled to recover unless their right of action is defeated by subsequent legislation.

Upon the twenty-fourth day of February, 1871, "an act fixing the liability of stockholders in corporations," c. 205, was approved and became the law of the state.

By § 1, "The capital stock subscribed for any corporation is declared to be and stands for the security of all creditors thereof; and no payment upon any subscription or agreement to or for the capital stock of any corporation, shall be deemed a payment within the purview of this act, unless *bona fide* made in cash, or in some other matter or thing at a *bona fide* and fair valuation thereof."

By § 2, the withdrawal of any portion of the capital stock of the corporation, directly or indirectly is declared void as against any person having thereafter a *bona fide* judgment against said corporation and as against receivers and trustees.

By § 3, the judgment creditors and the trustees or receivers of corporations are authorized to maintain a bill in equity against any person or persons "who have subscribed for or agreed to take stock in the said corporation, and have not paid for the same; or

who have received dividends declared from the capital stock, or in violation of any statute; or who has withdrawn any portion of the capital stock or cancelled or surrendered any of his stock, and received any valuable consideration therefor from the corporation, except its own stock or obligation for its own stock; or who has transferred any of his stock to the corporation as collateral security or otherwise, and received any valuable consideration therefor as aforesaid; and in such action may recover the amount of the capital stock so remaining unpaid or withdrawn, not exceeding the amounts of said judgments or the deficiencies of the assets of such insolvent corporation."

By § 5, "no stockholder in any corporation in this state, except in banks, shall hereafter be liable for the debts or claims against said corporation beyond any amount or amounts withdrawn or not paid in as aforesaid; but this act shall not affect the liability of any officer of any corporation."

The language of the act of 1871, c. 205, is clear and explicit. No room is left for any doubt as to its meaning. It was intended to have effect according to its terms. The past liability of stockholders had been fixed by previous legislation. This act was to fix their liability in the future. So far as it modifies, changes, restricts or limits the then existent liability of stockholders, it must be regarded as a repeal of any law, which is thus modified, changed, restricted or limited by it provisions.

The provisions of R. S., c. 48, § 9, under which this action is brought, are inconsistent with the act which we have just been considering and that section must be regarded as necessarily repealed by the subsequent legislation upon the same subject matter—the liability of stockholders.

To hold the defendant liable would be to disregard the spirit, as well as the letter, of the act of February 24, 1871. Indeed, the act would be unnecessary, and its passage a work of supererogation, if the more efficient and burdensome liabilities of R. S., c. 48, § 9 were to remain in full force and vigor.

*Plaintiff's nonsuit.*

WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.